IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-02305-MSK-KMT

LAURA L. SCHATKE,

       Plaintiff,

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY,

       Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand (#**15**) to which Defendant responded (#**19**) and Plaintiff replied (#**22**). Having considered the same, the Court **FINDS** and **CONCLUDES** as follows.

### I. Background

This is a putative class action lawsuit asserting claims against Defendant Progressive Casualty Insurance Company ("Progressive") arising out of the sale of uninsured/underinsured motorist coverage. The Plaintiff, Laura L. Schatke, filed her Complaint in the District Court for the Boulder County, Colorado in August 2011.[1] Progressive thereafter filed a notice of removal, removing the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332. Ms. Schatke moves to remand on the grounds that the amount in controversy, as set forth in her complaint, is

---

[1] Before that, Ms. Schatke filed a nearly identical Complaint in the same court in March 2011. Progressive removed the case to this Court. *See* Civil Action No. 11-cv-01153-CMA. Ms. Schatke thereafter voluntarily withdrew the Complaint. She then refiled, changing her Complaint to include the language at issue in the instant Motion to Remand.

not sufficient to confer jurisdiction on this Court.

In the prayer for relief of Ms. Schatke's Complaint, she requests, in addition to unspecified compensatory damages, the following:

> Award Plaintiff and the class members punitive damages at such time as they may be properly pled and awarded, in an amount such that the total award for compensatory and punitive damages does not exceed $4,999,999.99.

Complaint, #**3**, at 9.

The question presented is what effect to give this paragraph for the purposes of determining whether Progressive is entitled to remove the case to this Court and, more specifically, what standard of proof should apply and to whom in these circumstances.

## II. Analysis

A federal district court has jurisdiction to resolve a class action civil lawsuit where the amount in controversy exceeds $5,000,000, exclusive of interest and costs, where the parties are diverse and other requirements are satisfied. 28 U.S.C. § 1332(d). The only issue in contention as to the propriety of removal is the amount in controversy.

Progressive contends, for various reasons set forth further below, that the amount stated in the Complaint is not controlling. Progressive calculates the amount in controversy by estimating the compensatory damages sought, in the form of premium refunds, at $3,279,119.[2] It then concludes that since Ms. Schatke clearly intends to seek punitive damages, as indicated by the statement in her prayer for relief, that an equal amount should be added to determine the amount in controversy. Under Colorado law, punitive damages may be equal to the amount of

---

[2] Ms. Schatke does not appear to dispute the accuracy of this estimate.

compensatory damages awarded. C.R.S. §13-21-102(1)(a). Therefore, Progressive argues that the amount in controversy exceeds $6,000,000.

In addressing the issues, the starting point is the Tenth Circuit's guidance that "[t]he courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states," and therefore there is presumption against removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). Where "plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*. at 1290 (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)).

As the party invoking the Court's jurisdiction, Progressive bears the burden of establishing that jurisdiction exists. *Id*. at 290. The question is what standard of proof Progressive must meet. A few principles are clear. Where a complaint is originally filed in federal court, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" unless it is shown "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Similarly, in a removed case "the status of the case as disclosed by the plaintiff's complaint is controlling." *Id*. at 291. Thus, for the purposes of removal, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). Thus, "if the in-state plaintiff wishes to remain in state court, all it needs to do is to refrain from alleging any particular sum in its prayer for relief (assuming that is permitted, as it often is, under state court rules of procedure)." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Indeed, in *St. Paul Mercury Indemnity*, the Supreme Court

expressly acknowledged that if a plaintiff "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."  303 U.S. at 294.

Based on these principles, and acknowledging that "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing," *Burns*, 31 F.3d at 1095, a number of courts have held that where the plaintiff alleges that damages are less than the required amount for diversity jurisdiction, a defendant must prove "to a legal certainty" that the amount in controversy is actually more than what the plaintiff has stated.  *Id*.; *see also Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).  This analysis is often employed where, as here, the plaintiff purports to limit her damages by way of an *ad damnum* clause to less than the jurisdictional minimum for federal diversity jurisdiction in order to stay in state court.

If the Complaint is silent as to the amount of damages, the defendant is required to prove jurisdictional facts, such as the amount in controversy, by a preponderance of the evidence.  *McPhail*, 529 F.3d at 953.  If the defendant proves those underlying facts, the case will not be remanded unless the plaintiff can demonstrate that it is "legally certain" that less than the required amount is at stake.  *Id*. at 954.  In contrast to the cases cited above, courts in other circuits have concluded that where a plaintiff's *ad damnum* clause is not legally binding on the plaintiff or pleading specific amounts is prohibited by state law, the amount stated in the complaint should be disregarded and the complaint should be treated similarly to one that does not state damages sought; in other words, the defendant need only prove jurisdictional facts by a preponderance of the evidence rather than a legal certainty.  *See, e.g., Bell v. Hershey Co.*, 557

F.3d 953 (8th Cir. 2009); *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006); *De Aguilar v. Boeing Company*, 47 F.3d 1404 (5th Cir. 1995).  In non-class action cases, often the concern expressed by the court is that the plaintiff would plead damages below the jurisdictional amount, but after the one-year time limitation on removal had expired re-plead with higher damages, thereby undermining the defendant's right to remove.  *De Aguilar*, 47 F.3d at 1410.  This concern does not apply here because the one-year limitation on removal does not apply to class action cases.  28 U.S.C. § 1453(b).  In addition, it has been noted that the presumption granted to the plaintiff's pleadings was developed at a time where procedural rules limited the plaintiff's recovery to what was pled in the prayer for relief; now, however, state rules of procedure often mirror Rule 54 of the Federal Rules of Civil Procedure and permit a party to recover the amount to which the party is actually entitled, not just what was demanded in the pleadings.  *De Aguilar*, 47 F.3d at 1410.

The Tenth Circuit has not had occasion to address the standard to be applied in these circumstances.  Progressive urges the Court to adopt the approach exemplified in *Bell* and *De Aguilar*; *i.e.*, that  the amount pled in Ms. Schatke's Complaint should be disregarded and Progressive should be permitted to keep the case in this Court if it can prove jurisdictional facts by a preponderance of the evidence.  Progressive argues that the purported limit on damages is a "legal nullity" because it is not legally binding on Ms. Schatke.  Under C.R.C.P. 54(c), she may be awarded damages in excess of what she has pled and, therefore, the attempted pleading cap will have no effect.  Progressive also argues that Ms. Schatke violated Colorado's procedural rules by pleading a specific dollar amount in her Complaint.  C.R.C.P. 8(a) ("No dollar amount

shall be stated in the prayer or demand for relief.").[3]  Finally, it notes that Ms. Schatke is purporting to pursue her claims in a representative capacity and cannot bind the other class members by attempting to limit her recoverable damages.[4]

It is not necessary to resolve this issue nor to determine whether a preponderance of the evidence or "proof to a legal certainty" is applicable.  Whether the Court considers the amount stated in the Complaint or not, and regardless of the standard of proof, the Progressive has not established facts demonstrating that the current amount in controversy exceeds $5million.  The Complaint claims recovery not to exceed  $4,999,999.99.  This statement is taken at face value.[5]

---

[3]In addition, under Colorado law, a plaintiff may not plead an initial claim for relief for punitive damages; rather, a plaintiff may only amend the complaint to seek punitive damages after the exchange of initial disclosures and the plaintiff establishes *prima facie* proof of entitlement to such relief.  C.R.S. § 13-21-102(1.5)(a).

[4]Because representation issues are not before the Court, this contention need not be addressed.  Moreover, as noted by Ms. Schatke, no class member would be involuntarily bound by this limitation because of the right to opt out of the lawsuit.

[5]The Court declines to presume bad faith on the part of Ms. Schatke in bringing its Complaint in state court for several reasons.  First, a plaintiff has no obligation to file an action in federal court or to assert claims to ensure that in can be removed to federal court.  There is nothing inherently wrongful about framing claims or requesting a more limited recovery than one might be entitled to recover in order to pursue an action in a state, rather than federal court. It is well recognized that the plaintiff is the "'master of the claim' and may prevent removal [to federal court] by choosing not to plead a federal claim even if one is available.'"  *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir.1996) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)); *St. Paul Mercury Indemnity*, 303 U.S. at 294 (contemplating that a plaintiff may legitimately seek less than the jurisdictional amount in order to stay in state court).

Second, there is no evidence (other than the amount specified in the prayer in the Complaint) to suggest bad faith on the part of Ms. Schatke.  Although Progressive is concerned that she might seek to avoid federal court jurisdiction through specification in the Complaint, but then later seek a larger amount of damages, Progressive is not without remedy should that occur. Progressive might invoke doctrines of judicial or equitable estoppel based on the Complaint and the Motion to Remand to prevent such recovery, or seek removal if the amount in controversy changes.  Similarly, that Ms. Schatke has previously withdrawn her Complaint after removal in order to refile in state court with a damages disclaimer intended to stay below the jurisdictional

No punitive damages have been pled, and Ms. Schatke represents that she were granted leave to seek punitive damages, she would limit her request for punitive damages consistent with the prayer in the Complaint.  Thus the amount stated in the Complaint is evidence of the plaintiff's belief[6] as to the amount in controversy.  The Court is guided in this regard by the commentary in *Burns*, which, when presented with the same argument noted the following:

> So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume—unless given reason to do so—that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.

31 F.3d at 1095.

In contrast, Progressive represents that compensatory damages in an amount of no more than $3,257,098 (representing a settlement amount of 110% of the premium refunds sought) are recoverable.  Although a request for punitive damages may be pled, Ms. Schatke has expressly stated that any award will be voluntarily limited so when combined with compensatory damages,

---

threshold does not demonstrate bad faith *per se*; it only shows that she prefers state court as a forum.

[6]This belief is bolstered by representations in the Motion to Remand.  In her Motion to Remand, Ms. Schatke argues that cases similar to hers have been heard in the Boulder County District Court for eight years, and most have settled for between 65% to 110% of the value of the premiums at issue, making the value of this case somewhere between $1,924,487 (65%) and $3,257,098 (110%).  She further explains that in the numerous similar cases that have already been litigated, no punitive damages have been awarded, making the likelihood of such recovery entirely speculative.

will not exceed the amount sought in the Complaint.  Under these circumstances, Progressive's contention that a punitive damage award might exceed the federal jurisdictional floor is entirely speculative.

Progressive has not shown that the amount in controversy meets the statutory requirement for exercise of federal court jurisdiction.

**IT IS THEREFORE ORDERED** that

(1)   Plaintiff's Motion to Remand is **GRANTED**.

Dated this 18th day of November, 2011

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge